# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

SAMUEL JEFFERSON,      )
                             )
        Plaintiff,        )
                             )
VS.                     )        No. 15-2012-JDT-dkv
                             )
STEVE COHEN, ET AL.,     )
                             )
        Defendants.     )

---

## ORDER ADOPTING REPORT AND RECOMMENDATION, DISMISSING CASE, CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

---

Plaintiff Samuel Jefferson, a resident of Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1985 on January 6, 2015, accompanied by a motion for leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) Subsequently, U.S. Magistrate Judge Diane K. Vescovo granted leave to proceed *in forma pauperis*. (ECF No. 4.) On January 14, 2015, the Magistrate Judge issued a Report and Recommendation (R&R) in which she recommended dismissing the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). (ECF No. 6.) Objections to that report and recommendation were due within 14 days. *See* Fed. R. Civ. P. 72(b)(2). However, Plaintiff's copies of both the order granting pauper status and the R&R were returned as undeliverable. (ECF Nos. 7 & 8.)[1]

Plaintiff alleges that various current and former elected officials conspired to harass, intimidate, kidnap, and even assassinate him. Magistrate Judge Vescovo has recommended that the

---

[1] In the motion to proceed *in forma pauperis*, Plaintiff listed the number in his street address as 3631 instead of 3331. Therefore, the Clerk re-mailed the documents to Plaintiff using that number. However, they were also returned from that address on February 5, 2015. (ECF No. 9.)

complaint be dismissed prior to service of process because the claims are frivolous. Having reviewed the complaint and the applicable law, the Court agrees with the Magistrate Judge's recommendation. The Court also notes that a litigant's most basic responsibility is to keep the Court informed of his whereabouts and provide a reliable mailing address. Plaintiff has failed to do so in this case.

Accordingly, the Court ADOPTS the R&R and hereby DISMISSES this case as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), and for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that if a party was permitted to proceed *in forma pauperis* in the district court, she may also proceed on appeal *in forma pauperis* without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a court to determine that a complaint should be dismissed prior to service on the Defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir.

1983).  The same considerations that lead the Court to dismiss this case as frivolous and for failure to prosecute also compel the conclusion that an appeal would not be taken in good faith.

It is CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff would not be taken in good faith.  Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED.  Accordingly, if Plaintiff files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE